OPINION OF THE COURT
Barry A. Cozier, J.
In motion sequence No. 004, defendants, AT&T Corp. (AT&T), AT&T Wireless Services, Inc. (AWS), Cellular Systems, Inc. (CSI), LIN Cellular Communications Corporation (LIN), and Cellular Telephone Company (CTC), move to dismiss the complaint on the ground, inter alia, that plaintiffs’ claims are preempted by Federal law.
Factual Allegations
This is a proposed class action of all persons who subscribed to, contracted with, did receive or now receive wireless phone service offered pursuant to the digital one rate (DOR) plan by defendants AWS and AT&T, their subsidiaries or affiliates. The complaint alleges breach of contract, violations of General Business Law §§ 349 and 350, and common-law fraud.
Plaintiffs each entered into an agreement with one of the defendants to purchase cellular phone service as part of AT&T’s DOR plan, which guarantees reliable service throughout 5,500 cities in North America. The complaint alleges that plaintiffs have experienced various difficulties with services, such as frequent dropped calls, inability to make or receive calls, and failure to obtain credit for calls that were involuntarily disconnected.
With respect to the breach of contract claim, the complaint alleges that plaintiffs are unable to obtain the full benefits for *657 which they have paid and that defendants have failed to provide promised services. Plaintiffs also claim that defendants have violated General Business Law §§ 349 and 350 by engaging in unlawful deceptive acts and false advertising, and that defendants’ actions constitute common-law fraud. To support these allegations, plaintiffs contend that defendants bombarded the media with advertising which described the DOR plan as exceptionally reliable, simple, and unparalleled while they deemphasized or kept secret the multiple existing problems with the service.
In support of their motion to dismiss, defendants argue that plaintiffs’ claims are barred by 47 USC § 332 (c) (3), a provision of the Federal Communications Act of 1934 which prohibits States from regulating the entry of or the rates charged by a commercial mobile service (hereinafter FCA § 332). Defendants argue that plaintiffs’ request for compensatory damages would result in rate regulation since it would require the court to determine the value of the services received by plaintiffs.
Discussion
Section 332 of the Federal Communications Act reads “no State or local government shall have any authority to regulate the entry of or the rates charged by any * * * private mobile service.” (47 USC § 332 [c] [3] [A].) However, as legislative history indicates, “[i]t is the intent of the Committee that the states would still be able to regulate the terms and conditions of these services.” (HR Rep No. 103-111, 103rd Cong, 1st Sess 260-261, reprinted in 1993 US Code Cong & Admin News 588.) A determination of whether or not plaintiffs’ claim necessitates regulation of rates or market entry of mobile services requires an examination of the complaint as to whether or not it challenges the defendants’ infrastructure or charges, as opposed to disputing customer protection matters, (See, e.g., Bastien v AT&T Wireless Servs., 205 F3d 983 [7th Cir 2000]; Lee v Con-tel Cellular, 1996 US Dist LEXIS 19636 [SD Ala, Nov. 21, 1996, Hancock, J.]; Ball v GTE Mobilnet, 81 Cal App 4th 529, 96 Cal Rptr 2d 801 [3d Dist 2000].) Claims that attack rates charged by providers — irrespective of whether they appear to challenge “terms and conditions” of the service — require preemption. (See, Bastien v AT&T Wireless Servs., supra, at 987.)
In Bastien (supra), a recent case involving the claims of breach of contract and consumer fraud against a cellular phone provider, the Seventh Circuit found plaintiffs claims to be preempted based upon, inter alia, the complaint’s allegations *658 of defendant’s failure to provide the appropriate number of cellular towers, and to properly prepare for subscribers before marketing to the public. (See, id., at 985.) Despite the fact that the plaintiff in Bastien defined his cause of action as one for breach of contract and consumer fraud, the court found otherwise and held the claims preempted on account of plaintiff’s attack on both the rates and the entry into the market of defendant company. (See, id., at 989.)
Unlike the complaint in Bastien (supra), the instant complaint does not attack defendants’ access to the market or demand any judgment that restricts market entry. However, plaintiffs’ claim of breach of contract and its accompanying request for compensatory damages is analogous to the complaint in Bastien since the plaintiffs herein allege that the quality of service is unsatisfactory. “[A] complaint that service quality is poor is really an attack on the rates charged for the service and may be treated as a federal case regardless of whether the issue was framed in terms of state law.” (Id., at 988; see also, American Tel. & Tel. Co. v Central Off. Tel., 524 US 214, 223 [1998] [preemption of breach of contract claim where rates charged by service provider would be inevitably affected, as rates and services are unavoidably intertwined].)
This case is unlike those in which plaintiff customers have avoided preemption when they alleged a failure of the telephone service providers to disclose a billing practice. (See generally, Ball v GTE Mobilnet, supra, 81 Cal App 4th, at 540-543, 96 Cal Rptr 2d, at 808-811 [preempting plaintiffs’ demand for restitution of amounts allegedly overpaid by plaintiffs as a result of defendants’ billing practice while allowing plaintiffs to pursue a remedy for defendants’ failure to disclose the same billing practice]; In re Long Distance Telecommunications Litig., 831 F2d 627, 633-634 [6th Cir 1987] [distinguishing breach of contract claims against telephone service providers from claims for failure to disclose and holding that the latter are not preempted].) In their claim for breach of contract, plaintiffs herein do not accuse defendants of failing to disclose a certain practice but instead complain of the quality of service furnished by defendants, and unavoidably, the rate, which they find inappropriate for the service.
Inasmuch as the function of preemption is to establish uniformity of rates and equality of services among communications companies, a claim for breach of contract with regard to the rates charged or the level of service received must be preempted. (See, In re Long Distance Telecommunications *659 Litig., supra, at 634; see generally, American Tel. & Tel. Co. v Central Off. Tel., supra.) If, as plaintiffs suggest, State courts are permitted to award compensatory damages to dissatisfied customers, then entities other than the Federal Communications Commission and the Federal courts could determine the monetary value of services already received by customers and thereby regulate what can be charged for the levels of services complained of. Standardization of rates and services would no longer exist. Consequently, defendants’ motion with respect to preemption must be granted for the breach of contract claim.
Plaintiffs’ remaining claims for violation of General Business Law §§ 349 and 350 and common-law fraud are not tantamount to regulation of defendants’ rates or entry into the market. Section 414 of the Federal Communications Act (the Savings Clause) provides that “[n]othing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute.” (47 USC § 414.) Given the congressional intent to reserve States’ powers to adjudicate “such matters as customer billing information and practices and billing disputes and other consumer protection matters” (HR Rep No. 103-111, 103rd Cong, 1st Sess 260-261, reprinted in 1993 US Code Cong & Admin News 588), plaintiffs’ causes of action for deceptive acts and practices, false advertising and common-law fraud can be litigated in State court. Like the cases involving a failure to disclose certain billing practices, plaintiffs’ statutory claims do not require the court to engage in retroactive rate setting. (See, Lee v Contel Cellular, supra, at *12-14; In re Long Distance Telecommunications Litig., supra, at 633-634; Ball v GTE Mobilnet, supra, 81 Cal App 4th, at 543, 96 Cal Rptr 2d, at 810.) They also do not challenge defendants’ entry into the market, but rather, defendants’ business practices while in the market. (See, e.g., Lee v Contel Cellular, supra, at *12 [finding plaintiffs’ claims of fraud and deceptive practices not preempted and similar to claims of failure to disclose billing practices].)
In their contention that all claims should be preempted, defendants cite a recent, unpublished New Jersey trial court decision which relied on Bastien (supra) to declare all claims preempted, including those for consumer fraud and common-law fraud. (See, Union Ink Co. v AT&T Corp., NJ Super Ct, Bergen County, June 9, 2000, docket No. Ber-L-8974-99.) However, this court does not find the Union Ink opinion persuasive since the New Jersey court failed to address the Savings Clause, the legislative intent and all State remedies *660 created for the purpose of consumer protection. In rejecting the plaintiffs’ claims regarding fraud, the Union Ink court overlooked substantial Federal and State authority denying preemption for similar claims. (See generally, In re Long Distance Telecommunications Litig., supra, at 633 [upholding State law claims for fraud and deceit]; Lee v Contel Cellular, supra, at *13 [upholding State law claims of fraud and deceptive practices]; Ball v GTE Mobilnet, supra, 81 Cal App 4th, at 543, 96 Cal Rptr 2d, at 810 [upholding claims for unfair business practices]; HR Rep No. 103-111, 103rd Cong, 1st Sess 260-261, reprinted in 1993 US Code Cong & Admin News 588.) Therefore, plaintiffs’ claims of defendants’ violation of General Business Law §§ 349 and 350 and common-law fraud are not preempted by FCA § 332.
[Portions of opinion omitted for purposes of publication.]